## CIRCUIT COURT OF THE CITY OF RICHMOND

Daber, Inc,
and Davos, Inc.

v.

Anthony D. Corbisiero,
Above The Belt, Inc.,
Morton H. Brown, and
Irwin D. Kaplan

January 17, 1979

Case No. B-323-W

By JUDGE WILLARD I. WALKER

This matter is again before the court upon the plaintiffs' motion for sanctions filed August 14, 1978. This motion for sanctions has been heard ore tenus by the court.

A brief statement of the facts is that on July 14, 1978, this court entered an order directing the defendant Above The Belt, Inc., (ATB) to produce a certain letter to the plaintiffs' counsel on or before July 19, 1978. This letter from Monte Engler to David Greenberg is described in plaintiffs' original motion for sanctions and was the letter which transmitted the document marked as Exhibit 40 to the deposition of Morton H. Brown. On July 18, 1978, Judge Marvin F. Cole conducted a hearing as to other matters of discovery, but the question of the subject letter did not arise at that time. On July 19, 1978, the defendant ATB filed a document entitled Response to Order Compelling Production of Documents and Motion for Extension of Time for Compliance. In this document, Mr. W. H. C. Venable, counsel for ATB, indicated to the court that he was fearful of an ethical problem by virtue of compliance with the court's order of July 14, 1978, and sought a continuance of the court's ruling so that he could obtain an advisory opinion from the

Virginia State Bar. By letter of July 19, 1978, Mr. Venable wrote to Michael Rigsby of the Virginia State Bar seeking such an advisory opinion.

The subject document was not produced on July 19, 1978. Subsequent thereto, approximately July 20, 1978, during the course of discovery depositions, a copy of the letter in question was produced and was available to all counsel. Mr. Venable indicates that he felt this solved the problem. Mr. Sanderlin, counsel for the plaintiffs, indicates that he insists on receiving the original document that was in possession of ATB or its counsel. On August 14, 1978, plaintiffs filed the motion for sanctions under consideration herein, and subsequent thereto the letter in the possession of ATB or its counsel was produced.

The sole question for consideration is whether or not ATB and/or its counsel, Mr. Venable, should be subjected to sanctions for failure to comply with the court's order of July 14, 1978.

During the course of ore tenus hearing, Mr. Venable indicated to the court that whatever conduct was taken with reference to compliance with the July 14 order was his decision and that ATB, his client, was in no way involved. The court accepts that representation. The court is concerned that counsel, for whatever reason, would take into his own hands a decision to deliberately not comply with an order of the court, and not at the same time seek a hearing for an extension of time. It is true that a motion seeking a continuance for the purpose of obtaining an advisory opinion from the Virginia State Bar was filed on July 19, 1978. It is also true that I was not physically present in the city at that time; however, Judge Cole was available and was thoroughly briefed as to the status of this case. Indeed, Judge Cole conducted a hearing on another matter on July 18, 1978, in my absence. However, considering the fact that Mr. Venable did seek an opinion from the Virginia State Bar, which opinion was contrary to his expectations, and a fact that a copy of the letter appeared at a deposition close to the time the letter itself was to be produced, I do not feel that Mr. Venable's conduct rises to the level of contempt of court; nor do I find any prejudice to the rights of the plaintiffs that would justify any further sanctions other than the costs incurred by them in pursuing their legitimate motion for sanctions

for noncompliance with the July 14, 1978, order. In that regard, I rule that Mr. Venable is responsible to reimburse to plaintiffs, or to counsel, the cost incurred, including attorney's fees, for bringing forward for the court's attention the motion for sanctions filed on August 14, 1978.

If a dispute arises between the parties as to the legitimate costs incurred in this regard, then I will be glad to hear the parties at issue and make a determination.